UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>GRACIANO MARQUEZ-HUAZO,<br><br>    Defendant. | Case No. 1:07-cr-00271-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Graciano Marquez-Huazo's Motion to Reduce Sentence. Dkt. 244. The Government opposes the Motion. Dkt. 247.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Marquez-Huazo's Motion.

## II. BACKGROUND

On May 30, 2008, a jury found Marquez-Huazo guilty of conspiracy, attempted distribution of more than 500 grams of methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense. Dkt. 127. The Court subsequently sentenced Marquez-Huazo to 394 months of imprisonment. Dkt. 155. Following the enactment of

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

Sentencing Guidelines Amendment 782, the parties stipulated to reduce Marquez-Huazo's sentence. Dkt. 234. The Court granted the motion and reduced Marquez-Huazo's sentence to 328 months. Dkt. 235. Marquez-Huazo is currently serving his sentence at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"). His anticipated release date is March 28, 2031.

In the years following his convictions, Marquez-Huazo has filed numerous appeals and challenges to his sentence. He originally appealed his convictions to the Ninth Circuit. Dkt. 172. The Ninth Circuit affirmed the convictions and sentence. Dkt. 213. Marquez-Huazo motioned for rehearing and then petitioned for certiorari. Both efforts were denied.

Marquez-Huazo then filed a Motion to Vacate Under 28 U.S.C. § 2255. Dkt. 23. Following an evidentiary hearing, the petition was dismissed. *See* Civil Case No. 1:11-cv-00575-EJL, Dkt. 55. Marquez-Huazo's subsequent appeals and motions for reconsideration of that dismissal were denied. *Id*. at Dkts. 61, 62, 64.

Marquez-Huazo filed a petition for writ of mandamus, which was denied. *Id*. at Dkt. 75.

Finally, Marquez-Huazo filed a Motion Pursuant to Fed. R. Civ. P. 60(b) that was also denied. Dkt. 241.

Recently, Marquez-Huazo filed a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A). Dkt. 244.

### III. LEGAL STANDARD

Marquez-Huazo seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under

certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to

MEMORANDUM DECISION AND ORDER - 4

appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Marquez-Huazo did not mention whether he filed anything with the Warden at FCI Lompoc. As part of its response, the Government noted this failure and asked the Court to dismiss the motion outright for failing to satisfy that mandatory exhaustion requirement. Dkt. 247, at 5. In his reply, Marquez-Huazo included a copy of the "cop-out" form he submitted to the Warden at FCI Lompoc and the Warden's denial of the same. Dkt. 248-1, at 7–8. Accordingly, the Court finds Marquez-Huazo has exhausted his administrative remedies and will continue to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Marquez-Huazo's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Marquez-Huazo bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Marquez-Huazo essentially makes two arguments in his Motion for Release. First, he attacks the validity of his underlying convictions and the denial of his motion for acquittal. These claims, however, were raised and denied on appeal and cannot be relitigated here. *United States v. Alvarado*, 2023 WL 8369581, at *1 (5th Cir. Dec. 4, 2023) (finding that "[Defendant's] attempts to relitigate the facts underlying his original

conviction and sentence [were] beyond the limited scope of a § 3582(c) proceeding"). *See also United States v. Hill*, 2021 WL 4443316, at *4 (D. Idaho Sept. 28, 2021) (noting that "§ 3582(c)(1)(A) should not be [used as] a means to relitigate that which th[e] Court previously decided").

Second, Marquez-Huazo challenges the validity of the career offender enhancement under U.S.S.G. § 4B1.2. The problem is that this enhancement was not applied in Marquez-Huazo's case. *See* Dkts. 157, 195. Candidly, the Court does not know why Marquez-Huazo mentions this. If he has a policy disagreement with that enhancement, so be it. But it has no bearing on his case.

Finally, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Marquez-Huazo's release at this time.[3] Marquez-Huazo was part of a months-long conspiracy distributing kilograms of methamphetamine in the Treasure Valley. Disturbingly, Marquez-Huazo used his co-conspirators to test the methamphetamine he was selling because he did not use himself. Thus, in addition to making money, he fueled

---

[3] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

the addiction of others. Accordingly, the Court finds the public is best protected by Marquez-Huazo's continued incarceration at this time.

## V. CONCLUSION

In sum, Marquez-Huazo has exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Marquez-Huazo at this time. Accordingly, the Court must DENY Marquez-Huazo's motion.

## VI. ORDER

The Court HEREBY ORDERS:

1. Marquez-Huazo's Motion to Reduce Sentence (Dkt. 244) is DENIED.

DATED: April 1, 2024

David C. Nye
Chief U.S. District Court Judge